Filed 9/10/25  P. v. Jackson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLINTON JACKSON,<br><br>    Defendant and Appellant. | H052549<br>(Monterey County<br> Super. Ct. Nos. 20CR010362,<br> 23CR004930) |

Clinton Jackson appeals from a judgment after pleading no contest to two counts of inflicting corporal injury on spouse or cohabitant with one great bodily injury enhancement, and kidnapping, and waiving his appellate rights at the time of the plea. The trial court sentenced Jackson to five years.  On appeal, Jackson's counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Jackson of his right to submit written argument on his own behalf within 30 days and he has not done so.  Having independently reviewed the record, we conclude that there is no arguable issue on appeal.

### I.  BACKGROUND

In case No. 23CR004930, the Monterey District Attorney charged Jackson with attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a); count 1),[1] four counts

---

[1] Undesignated statutory references are to the Penal Code.

of corporal injury to spouse or cohabitant (§ 273.5, subd. (a); counts 2, 5–7), two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); counts 3 & 8), kidnapping (§ 207, subd. (a); count 4), and dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 9). All counts pertain to the same victim, Jane Doe. With respect to counts 2, 3, 7, and 8, the district attorney alleged that Jackson personally inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).)

In case No. 20CR010362, the district attorney charged Jackson with torture (§ 206; count 1), kidnapping (§ 207, subd. (a); count 2), corporal injury to spouse or cohabitant (§ 273.5, subd. (a); count 3), and false imprisonment (§ 236; count 4). All counts pertain to the same Jane Doe as in case No. 23CR004930, but involve different incidents. With respect to count 3, the district attorney alleged that Jackson personally inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).)

The parties entered into a negotiated plea agreement encompassing both cases. In case No. 20CR010362, Jackson pleaded no contest to the kidnapping charge alleged in count 2, and in case No. 23CR004930, the corporal injury to spouse or cohabitant charge with great bodily injury enhancement alleged in count 2, and the corporal injury to spouse or cohabitant charge without the great bodily injury enhancement alleged in count 5. The parties agreed that the aggregate statutory maximum sentence was 11 years 8 months. At the change of plea hearing, the court indicated a likely sentence of four years but emphasized that this was neither a promise nor a guarantee.

As a part of his plea, Jackson entered into a written "appeal and plea withdrawal waiver," (some capitalization omitted) in which he agreed to "waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other order previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any

2

time in the future. I further agree not to ask the Court to withdraw my plea for any reason after it is entered."[2]

The trial court sentenced Jackson to five years in prison. The court reached the sentence as follows: In case No. 20CR010362, the court imposed the 5-year middle term for the kidnapping charge (count 2), and in case No. 23CR004930, the middle term of three years for the first corporal injury charge (count 2) plus three years for the great bodily injury enhancement, and another three years for the second corporal injury charge (count 5).[3] The court stayed the three-year term for the enhancement and ran the sentence imposed in count 5 concurrent to that in count 2. The court further ran the entirety of the sentence imposed in case No. 23CR004930 concurrent to that in 20CR010362.

In addition, the court ordered Jackson to pay a restitution fee in each case, as well as court operations and court facilities assessment fees. The court entered a general order of restitution and issued a 10-year criminal protective order under section 273.5, subdivision (j). Jackson timely appealed from the judgment but did not request a certificate of probable cause.

## II.    DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) In entering his plea, Jackson agreed

---

[2] The plea form included the option for a more limited appellate waiver, which provides: "I hereby waive and give up all rights to appeal, writ, litigate, challenge or contest in the future any order issued by this court made *before* the date indicated next to my signature below. I give up the same rights concerning all contents of this waiver of rights form and conditions of my entry of plea and conviction as stated herein. I further agree not to ask the court to withdraw my plea for any reason after it is entered." This more limited waiver was not initialed as part of the parties' agreement.

[3] The trial court initially indicated it intended to impose the upper term for count 2 of case No. 23CR004930 (four years, per section 273.5, subdivision (a)) but ultimately imposed the middle term for that count.

to waive "all rights regarding state and federal writs and appeals," including any direct appeal from the conviction or judgment and "any collateral attacks" on the conviction, judgment, or sentence. Without a certificate of probable cause, we cannot review challenges to the validity of the plea, including the enforceability of the appellate waiver. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Becerra* (2019) 32 Cal.App.5th 178, 192 (*Becerra*); but see § 1016.8, subd. (a)(4) ["A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"].)

Neither the waiver nor the omission of a certificate of probable cause, however, wholly forecloses Jackson's right to our independent review of the record under *Wende*: "[A] certificate of probable cause is *not* required for the issue of *whether* [an] appellate claim falls within the scope of an appellate waiver." (*Becerra, supra,* 32 Cal.App.5th at p. 188.) So we have reviewed the record for arguable issues that would exceed the scope of the waiver and therefore be cognizable despite the waiver. (*Ibid*.; see, e.g., *People v. Barton* (2020) 52 Cal.App.5th 1145, 1153–1154 [holding that under § 1016.8, defendant's agreement to waive her right " 'to appeal from [the trial court's] sentence' " did not preclude her from seeking retroactive application of ameliorative sentencing statute].) We have found none.

### III.    DISPOSITION

The judgment is affirmed.

4

_____
LIE, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
GROVER, J.

*People v. Jackson*
H052549